IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| SHAUN BROWN, *et al.*, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Civil No. 1:17-cv-1377-LO-MSN |
| U.S. DEPARTMENT OF AGRICULTURE, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**REPORT & RECOMMENDATION**

This matter comes before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint (Dkt. No. 32). Having reviewed the record and pleadings, the undersigned Magistrate Judge recommends denying the Motion for the reasons that follow.

**I.    Background**

On December 4, 2017, Plaintiffs Shaun and Jenever Brown and Jobs Virginia Community Development Corporation filed a Complaint against Defendants the U.S. Department of Agriculture, Virginia Department of Health, William Reed Strong, Dr. Michael Welch, Justin Curtis, Denise Branscome, and Elizabeth Law, all in their official and individual capacities (Dkt. No. 1). On February 15, 2018, Plaintiffs sought leave to amend their Complaint to add "causes of action, or requests for relief, or to name additional parties as defendants to the action, or to cure any deficiency in their causes of action[,]" failing to state clearly how they wish to amend their Complaint. Pls.' Mot. for Leave to File an Am. Compl. ¶ 3 (Dkt. No. 32).

Local Rule 7(F)(1) requires "[a]ll motions, unless otherwise directed by the Court[, and with few other exceptions, to] be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the

movant relies." Plaintiffs' Motion fails to adhere to this requirement and makes assertions about a potential amendment without any support for those statements. And, Plaintiffs did not file a proposed amended Complaint for the Court to determine whether leave to amend should be granted. Pursuant to Federal Rule of Civil Procedure 15(a)(2), this Court "should freely give leave when justice so requires[,]" but there is no basis for this Court to grant such relief without knowing what that relief is. Although Plaintiffs argue that "[t]he amendment would not substantially prejudice the defendants[,]" there is nothing within Plaintiffs' Motion that allows the Court to establish this or whether Plaintiffs brought this Motion in bad faith or their amendment is futile.[1] *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (interpreting Federal Rule of Civil Procedure 15(a) as providing "that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile'").

Plaintiffs also state that Defendants would "be served the amended complaint allowing them an opportunity to respond to it." Pls.' Mot. for Leave to File an Am. Compl. ¶ 6. But they provide no time frame for when any amendment would be served upon Defendants or even filed with the Court. While delay alone is not reason to deny Plaintiffs' Motion, it is significant that Plaintiffs have yet to respond to Defendants Virginia Department of Health, Dr. Michael Welch, Justin Curtis, Denise Branscome, and Elizabeth Law's ("VDH Defendants") Motion to Dismiss filed on January 4, 2018 with a *Roseboro* notice (Dkt. No. 7) and for which this Court granted

---

[1] Defendants Virginia Department of Health, Dr. Michael Welch, Justin Curtis, Denise Branscome, and Elizabeth Law ("VDH Defendants") argue that any amendment would be futile because Plaintiffs' claims are barred by the statute of limitations, but this Court cannot establish the futility of an amendment it has not reviewed, especially if Plaintiffs seek to add new counts to their Complaint. *See* Defs.' Opp'n to Pls.' Mot. for Leave to File an Am. Compl. at 3 (Dkt. No. 35).

2

them an extension until March 2, 2018 (Dkt. No. 28).[2] The Court therefore finds that the potential for delay and the lack of clarity of Plaintiffs' pleading require it to deny the Motion.

## II. Recommendation

For the foregoing reasons, the undersigned recommends DENYING Plaintiffs' Motion.

## III. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

March 12, 2018
Alexandria, Virginia

---

[2] Plaintiffs' response to the Motion to Dismiss was initially due January 25, 2018. *See* VDH Defs.' Mot. to Dismiss the Compl. Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure at 2 (Dkt. No. 7).